**JUDGE BUCHWALD**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____
                                    :
SECURITIES AND EXCHANGE COMMISSION, :     **07 CIV 9606**
                                    :
                         Plaintiff, :     ECF-CASE
                                    :
            -v.-                    :     Case No._____
                                    :
OLEKSANDR DOROZHKO                  :
                                    :
                         Defendant, :
_____ :

**COMPLAINT**

Plaintiff Securities and Exchange Commission ("SEC") alleges:

1. This action involves unlawful trading in out-of-the-money and at-the-money put options on the common stock of IMS Health Incorporated ("IMS Health" or the "Company") by Oleksandr Dorozhko ("Defendant Dorozhko"), a Ukrainian national, just hours before a negative earnings announcement by IMS Health on October 17, 2007. On that date, following the close of the market, IMS Health announced third quarter 2007 earnings of $0.29 per share, 15% below the previous year's reported earnings and 28% below analysts' consensus estimates. The following day, October 18, 2007, IMS Health's stock price fell 28% to a low of $21.20 per share. This was the steepest decline in the stock's trading history. IMS Health's stock closed at $23.12 per share that day, a decline of approximately 22% from the previous day's closing price. The trading volume on October 18 was more than 23 million shares, representing a more than 2,735% increase in trading from the previous day.

2. Trading through his account at Interactive Brokers LLC ("Interactive Brokers"), Defendant Dorozhko purchased 630 IMS Health out-of-the-money and at-the-money put options on October 17, 2007, just hours before the news announcement. Defendant Dorozhko initially purchased 300 Oct 25 put options at an average price of about $0.10 per option, costing $3,214.90. Within minutes, Defendant Dorozhko purchased another 330 Oct 30 put options at an average price of approximately $1.17 per option, a significant premium over his initial purchase, and at a much higher cost of $38,456.00. Defendant Dorozhko bet nearly a year's worth of his income that the price of IMS Health stock would drop dramatically within two days. On the morning of October 18, 2007, Defendant Dorozhko sold all of his put options, realizing proceeds of over $328,000 and profits of over $280,000.

3. Defendant Dorozhko gained access to material nonpublic information regarding IMS Health's third quarter earnings in advance of the Company's announcement on October 17, 2007, through fraudulent devices, schemes, or artifices, which may include, but are not limited to, hacking into computer networks or otherwise improperly obtaining electronic access to systems that contained information about IMS Health's imminent earnings announcement.

4. By engaging in the conduct described in this Complaint, Defendant Dorozhko violated, and unless restrained and enjoined will continue to violate, Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 77j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

## JURISDICTION AND VENUE

5. The SEC brings this action pursuant to Sections 21(d), 21(e), and 21A of the Exchange Act [15 U.S.C. §§ 78u(d), 78u(e), and 78u-1] seeking to enjoin such acts, practices, and courses of business; obtain disgorgement and civil penalties; and obtain other appropriate relief.

6. This Court has jurisdiction over this action pursuant to Section 27 of the Exchange Act [15 U.S.C. § 78aa]. Certain of the transactions, acts, practices, and courses of business alleged herein occurred within the Southern District of New York. For example, IMS Health's common stock is traded on the New York Stock Exchange ("NYSE") located in New York, New York. The Company's options are listed for trading on, among other exchanges, the American Stock Exchange LLC and the International Securities Exchange, both located in New York, New York. Certain of Defendant Dorozhko's trades in IMS Health put options were executed on the International Securities Exchange. The proceeds of Defendant Dorozhko's trades in IMS Health options are being held by a financial institution located in this District.

7. Defendant Dorozhko, directly or indirectly, has made use of the means or instrumentalities of interstate commerce, or of the mails, or the facilities of a national securities exchange in connection with the transactions, acts, practices and courses of business constituting the violations as alleged herein.

## DEFENDANT

8. Defendant Dorozhko is a Ukrainian national residing at Gojdi Str. 24-15, 88000, Uzhgorod, Ukraine. According to documents provided by Interactive Brokers to

the SEC, he is an independent engineering consultant in the energy industry who has a net income of approximately $45,000-$50,000 and a net worth of $100,000-$250,000.

## RELEVANT ENTITIES

9. IMS Health (NYSE stock symbol: RX) is a Delaware corporation with its principal place of business in Norwalk, Connecticut. The Company provides market research to the pharmaceutical and healthcare industries. IMS Health's common stock is registered with the Commission pursuant to Section 12(b) of the Exchange Act and is listed for trading on the New York Stock Exchange. The Company's stock options are listed for trading on the Chicago Board Options Exchange, American Stock Exchange, Philadelphia Stock Exchange, International Securities Exchange, NYSE Arca (formerly the Pacific Stock Exchange), and Boston Options Exchange.

10. Interactive Brokers is a registered broker-dealer based in Greenwich, Connecticut. Defendant Dorozhko opened and maintained a securities account at Interactive Brokers through which he traded the IMS Health put options in question.

11. Interactive Brokers informed the staff of the SEC that Defendant Dorozhko's put option trades were placed through the firm's affiliate in the United Kingdom, and the proceeds of Defendant Dorozhko's trades are currently being held in an Interactive Brokers account at Citibank, N.A., in New York, New York.

## FACTS

12. This case involves highly suspicious and lucrative trading in IMS Health out-of-the-money and at-the-money put options on October 17, 2007, in advance of the Company's negative third quarter earnings announcement that same day.

13.     A put option is a contract that provides the buyer the right, but not the obligation, to sell an agreed quantity of an underlying security by a date (the expiration date) for a certain price (strike price). The buyer of a put option generally expects that the market price of the underlying security will decline, allowing the buyer of the put option to make a profit from the difference between the strike price (less the cost of the option) and the lower market price. A put option is "out-of-the-money" if the strike price is less than the market price of the underlying security. A put option is "at-the-money" if the strike price is the same as the market price of the underlying security. In U.S. markets, each put option contract generally requires delivery of 100 shares of the underlying stock.

14.     It appears that Defendant Dorozhko began the process of opening an account at Interactive Brokers in September 2007. On or about October 4, 2007, Defendant Dorozhko attempted to fund an online trading account at Interactive Brokers by wiring $42,500 (USD) from Central European International Bank Limited to Interactive Brokers even though no trading account had yet been opened.

15.     On October 10, 2007, Interactive Brokers approved the opening of a trading account in the name of Defendant Dorozhko through Interactive Broker's affiliate located in the United Kingdom. The account was authorized to trade in stocks and options.

16.     On October 17, 2007, Defendant Dorozhko, while in possession of material nonpublic information regarding the impending negative earnings announcement by IMS Health, purchased 630 out-of-the-money and at-the-money put options on the common stock of IMS Health. Just hours before the market closed, Defendant Dorozhko

purchased 300 Oct 25 out-of-the-money and 330 Oct 30 at-the-money IMS Health put options through a series of transactions executed in his individual trading account at Interactive Brokers.

17.    The Oct 25 and Oct 30 IMS Health put options were set to expire on October 20, 2007, only three days after Defendant Dorozhko purchased them. American-style option contracts expire on the Saturday following the third Friday of the month, but the Friday, October 19, 2007, is the more significant date as it is the last day that equity options trade and on which an option may be exercised. Thus, Dorozhko's October series put options expired just three days after he purchased them and could only be traded for two days. In addition, the Oct 25 options contracts were out-of-the-money and had limited value when purchased, unless IMS Health's stock price changed because of a material event, such as an earnings announcement. By purchasing out-of-the-money put options, Defendant Dorozhko bet that IMS Health's stock price would fall below the options' strike price of $25.00. At the time of the trades, the market price of IMS Health's common stock was around $30.00.

18.    The total cost of the IMS Health put options purchased by Defendant Dorozhko was $41,670.90, approximately 99% of the cash value of his account at the time. Defendant Dorozhko had never traded in this account before this date.

19.    Defendant Dorozhko's put option purchases represented almost 90% of all customer purchases in the October 25 and Oct 30 option series between September 4, 2007, and October 17, 2007.

20.    On October 17, 2007, IMS Health's stock closed at $29.56 per share and the trading volume was 832,500 shares.

21. After the market closed on October 17, 2007, IMS Health reported third quarter earnings of $0.29 per share, which was 28% below the analysts' consensus estimates of $0.40 earnings per share and 15% below earnings of $0.34 per share reported by IMS Health for the same quarter the previous year.

22. On the following day, October 18, 2007, IMS Health's stock price fell to a historic low of $21.20 per share, 28% lower than the previous day's closing price. This was the steepest decline in the stock's trading history.

23. On October 18, 2007, Defendant Dorozhko sold all of his IMS Health put options and realized proceeds of over $328,000 and profits of $286,456.59. Defendant Dorozhko's trades in IMS Health put options were the only trades in his account at Interactive Brokers.

24. IMS Health's stock closed at $23.12 per share on October 18, 2007, a decline of approximately 22% from the previous day's closing price. The trading volume was more than 23 million shares, representing a more than 2,735% increase in trading from the previous day's trading volume.

25. Upon discovering the suspicious trading in Defendant Dorozhko's account on October 19, 2007, Interactive Brokers began an internal investigation and placed certain temporary restrictions on the account.

26. On October 19, 2007, and on October 22, 2007, Defendant Dorozhko, attempted to access funds held in his account at Interactive Brokers. Interactive Brokers informed Doroshko that his account was being reviewed by compliance and that access to his account was restricted.

## CLAIM OF RELIEF

(Violations of Section 10(b) of the Exchange Act and Rule 10b-5 Thereunder)

27.   Plaintiff SEC repeats and realleges Paragraphs 1 through 26, above.

28.   Defendant Dorozhko knowingly or recklessly, in connection with the purchase or sale of the securities, directly or indirectly, by use of the means or instrumentalities of interstate commerce, or of the mails, or the facilities of a national securities exchange: (a) employed devices, schemes, or artifices to defraud; (b) obtained money by means of making untrue statements of material facts, or omitting to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (c) engaged in acts, practices, or courses of business which operated or would operate as a fraud or deceit upon any person.

29.   Defendant Dorozhko knew or recklessly disregarded the fact that he possessed material nonpublic information concerning IMS Health securities when he traded in these securities, as described above.

30.   By reasons of the foregoing, Defendant Dorozhko, directly or indirectly, violated Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5], and is likely to commit such violations in the future unless enjoined from doing so.

## RELIEF SOUGHT

WHEREFORE, Plaintiff SEC respectfully requests that this Court enter a judgment:

(i)   permanently restraining and enjoining Defendant Dorozhko, and his agents, officers, servants, employees, attorneys, and those persons in active concert or participation

with them, directly or indirectly, from violating Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)], and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5];

(ii) ordering Defendant Dorozhko to account for and disgorge all profits, together with prejudgment interest, realized from the unlawful trading alleged herein;

(iii) ordering Defendant Dorozhko to pay civil monetary penalties pursuant to Sections 21(d)(3) and 21A of the Exchange Act [15 U.S.C. §§ 78(u)(d)(3) and 78u-1], in an amount to be determined by the Court; and

(iv) granting such other relief as this Court may deem just and appropriate.

Dated: 10/29/7

Respectfully submitted,

_____
Robert B. Blackburn (RB 1545)
Local Counsel
U.S. Securities and Exchange Commission
3 World Financial Center, Room 4300
New York, New York 10281-1022
(212) 336-1050
(212) 336-1317 (Fax)

_____
Carl A. Tibbetts (Trial Counsel)
Christopher R. Conte
Charles E. Cain
Christine E. Neal
Paul A. Gumagay (PG0805)
Attorneys for Plaintiff
U.S. Securities and Exchange Commission
100 F Street, N.E.
Washington, DC 20549-4030
(202) 551-4483 (Tibbetts)
(202) 551-4443 (Gumagay)
(202) 772-9233 (Fax)