UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x

SECURITIES AND EXCHANGE COMMISSION,                  :
                                                     :
                                                     :
                                        *Plaintiff,* :    No. 07 CV 9606
                                                     :
              *-v.-*                                 :    Judge Naomi R. Buchwald
                                                     :
OLEKSANDR DOROZHKO,                                  :
                                                     :
                                        *Defendant.* :
------------------------------------------------------------------------ x

## Declaration of Charles A. Ross

I, **Charles A. Ross,** hereby declare as follows pursuant to Title 28, United States Code, Section 1746:

1.      I am a member of this bar and the founding member of Charles A. Ross & Associates, LLC.   I respectfully submit this declaration in further support of Oleksandr Dorozhko's ("Dorozhko") Motion to Dismiss the Complaint and to Vacate the Temporary Restraining Order, An Order Freezing Assets and Granting Other Relief; specifically, to further explain Dorozhko's argument that the Securities and Exchange Commission's ("SEC" or "Commission") asset freeze sweeps much too broadly given the allegations of securities fraud in the Complaint.

2.      I make this declaration based upon our review of the submissions filed to date in this case, review and analysis of certain trading data that the SEC has made available to us, and certain information that is available from various public databases.

**The Commission's Theory of the Case**

3.      The Complaint alleges that Dorozhko unlawfully traded in out-of-the money and at-the money put options on the common stock of IMS Health Incorporated ("IMS Health" or

"Company") just hours before a negative earnings announcement by IMS Health on October 17, 2007. *See* Compl. ¶ 1.  Dorozhko is alleged to have gained access to material nonpublic information regarding IMS Health's third quarter earnings in advance of its announcement on October 17, 2007, through fraudulent schemes which may include hacking into computer networks or otherwise improperly obtaining electronic access to systems that contained information about IMS Health's imminent earnings announcement. *Id.* ¶ 2.  Armed with this information, the Commission contends that Dorozhko traded before the earnings announcement was made public, thereby earning quick and lucrative profits. *Id.* ¶ 12.

4.    The Commission's complaint is extremely vague as to what it claims Dorozhko supposedly saw in advance of his trading in put options of IMS Health's common stock.  The Complaint contains a broad claim that "Dorozhko gained access to material nonpublic information regarding IMS Health's third quarter earnings in advance of the Company's announcement on October 17, 2007, through fraudulent devices, schemes, or artifices, which *may* include, but are not limited to, hacking onto computer networks or otherwise improperly obtaining electronic access to systems that contained information about IMS Health's imminent earnings announcement." *Id.* ¶ 2 (emphasis added).

5.    The details of how Dorozhko supposedly gained access to material nonpublic information concerning IMS Health's third quarter earnings are completely absent from the Declaration of Paul A. Gumagay, Senior Counsel in the Division of Enforcement of the SEC (the "Gumagay Dec.")  A copy of the Gumagay Declaration is attached for the Court's convenience as Exhibit 1.

6.    Similarly, the Declaration of Paul A. Gumagay pursuant to Local Rule 6.1(b) (the "Gumagay Local 6.1(b) Dec.") indicates that "circumstantial evidence" indicates that Dorozhko

purchased IMS Health out-of-the money and at-the-money put options while in possession of material nonpublic information concerning IMS Health's negative third quarter earnings. This is rank speculation without any facts to support it. A copy of the Gumagay Local 6.1(b) Declaration is attached for the Court's convenience as Exhibit 2.

7.      The Commission's "circumstantial evidence" mantra is repeated in its Memorandum of Law in Support of Emergency Application for a Temporary Restraining Order, an Order Freezing Assets and Granting Other Relief, and an Order to Show Cause Why a Preliminary Injunction Should Not Issue ("SEC Brief"). There, the Commission states that "circumstantial evidence uncovered so far strongly suggests" Dorozhko unlawfully traded while in possession of material nonpublic information. SEC Brief at p. 2.

8.      The Commission continues to speculate on its reverie that "circumstantial evidence" demonstrates Dorozhko violated the securities law of this country when it claims that he (1) opened his account about a week before his option trades;[1] (2) transferred $42,500 into his account (nearly a fully year of his income) and used $41,670.90 of those funds to purchase IMS Health put options; (3) purchased risky "out-of-the money" and "at-the-money" put options just days before they expired; (4) traded just hours before IMS Health's negative third quarter earnings announcement; and (5) has made no other trades in this account." SEC Brief at p. 10. Based on these claims, the Commission makes the leap that Dorozhko "knowingly or recklessly traded while in possession of material nonpublic information." *Id.*

9.      However, as more fully explained in Dorozhko's Memorandum of Law in Support of his motion to dismiss the Complaint, the gist of the Commission's suit is that it guesses Dorozhko hacked into a computer network to access material nonpublic information

_____

[1] This accusation is somewhat disingenuous since the Commission, in its Complaint, states that "[i]t appears that Defendant Dorozhko began the process of opening an account at Interactive Brokers in September 2007." *See* Compl. ¶ 14.

(presumably the negative earnings announcement). This rank speculation, coupled with the facts presented, is insufficient to support the charges.

**The Scope of the Asset Freeze**

10.    On October 29, 2007, the Commission sought and obtained from the Court a Temporary Restraining Order, An Order Freezing Assets and Granting Other Relief, and an Order to Show Cause Why a Preliminary Injunction Should Not Issue (the "Order"). A copy of the Order is attached for the Court's convenience as Exhibit 3.

11.    Accordingly, approximately $280,000 of Dorozhko's trading profits has been frozen. These funds are held in an Interactive Brokers LLC account at Citibank, N.A., in New York, New York. *See* Compl. ¶¶ 2, 11.

12.    Since the Commission is unlikely to succeed on the merits, the asset freeze should be lifted and Dorozhko should be able to access his trading profits.

**Proper Scope of Civil Penalties**

13.    The Order also requires Dorozhko, pending the Court's determination of the Commission's application for a preliminary injunction, to "hold and retain within his control" funds or assets having an aggregate cash value of $1,145,826.36 (which represents the total alleged ill-gotten gains plus three times that amount). *See* Order at p. 3. The Commission believes this sum is necessary to insure there are sufficient funds to cover any civil penalties imposed on Dorozhko.

14.    According to 15 U.S.C. § 78u-1(a)(2) ("Civil Penalties for Insider Trading"), the amount of any such civil penalty must be based on the "facts and circumstances" of the case. Here, the "facts and circumstances" demonstrate that the Commission believes Dorozhko

4

obtained material nonpublic information by *possibly* hacking into a computer system.  Based on such a weak allegation, such a burdensome requirement is unwarranted.

15.    Accordingly, Dorozhko should not be required to "hold and retain within his control" funds or assets having an aggregate cash value of $1,145,826.36.

I declare under penalty of perjury that the foregoing is true and correct.  Executed at New York, New York on November 6, 2007.

_Charles A. Ross_
Charles A. Ross