# EXHIBIT 2

JUDGE BUCHWALD

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

07 CIV 9606

COPY

---

SECURITIES AND EXCHANGE COMMISSION,

        *Plaintiff,*

-v.-

OLEKSANDR DOROZHKO

        *Defendant,*

Case No._____

---

**LOCAL RULE 6.1(d) DECLARATION OF PAUL A. GUMAGAY
IN SUPPORT OF PLAINTIFF'S EMERGENCY APPLICATION FOR A
TEMPORARY RESTRAINING ORDER, AN ORDER FREEZING ASSETS AND
GRANTING OTHER RELIEF, AND AN ORDER TO SHOW CAUSE WHY A
PRELIMINARY INJUNCTION SHOULD NOT ISSUE**

I, PAUL A. GUMAGAY, pursuant to 28 U.S.C. § 1746, declare as follows:

1.    I am a member of the bar of the State of New York and a member of this Court. I make this declaration pursuant to Local Civil Rule 6.1(d) to show that good and sufficient reasons exist for bringing this matter before the Court by an application and order to show cause rather than by notice of motion.

2.    I am a Senior Counsel in the Division of Enforcement of Plaintiff Securities and Exchange Commission ("SEC") in Washington, D.C. I make this declaration in support of the SEC's <u>Emergency Application For A Temporary Restraining Order, An Order Freezing Assets And Granting Other Relief, And An Order To Show Cause Why A Preliminary Injunction Should Not Issue</u> (the "Application") for an Order:

(i) directing Defendant Oleksandr Dorozhko ("Dorozhko" or "Defendant") to show cause why an order should not be entered pending adjudication of this action:

    (a) freezing all assets in account number U412281 at Interactive Brokers LLC ("Interactive Brokers") in the name of Oleksandr Dorozhko;

    (b) preliminarily enjoining Defendant, and his agents, officers, servants, employees, attorneys, and those persons in active concert or participation with them, from violating Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5; and

    (c) prohibiting the destruction, alteration, or concealment of documents.

(ii) pending adjudication of the foregoing:

    (a) freezing all assets in account number U412281 at Interactive Brokers in the name of Oleksandr Dorozhko;

    (b) temporarily restraining Defendant from violating the aforementioned statute and rule; and

    (c) prohibiting the destruction, alteration, or concealment of documents.

(iii) providing for expedited discovery in preparation for a hearing on this Order to Show Cause; and

(iv)    authorizing alternative means for service of process.

3.    The SEC makes this application for emergency relief by application and order to show cause to (i) preserve the *status quo* pending adjudication of the application; (ii) to ensure that any future judgment of this Court for disgorgement, prejudgment interest, and penalties will not be rendered meaningless; (iii) to halt violations of the federal securities laws; and (iv) to prevent the destruction or fabrication of evidence. The SEC believes that to proceed by notice of motion may jeopardize the Court's ability to grant full and effective relief both as to this application and the merits of the complaint.

4.    As alleged in the SEC's Complaint, and substantiated by the accompanying Plaintiff Securities And Exchange Commission's Memorandum Of Law In Support Of Emergency Application For A Temporary Restraining Order, An Order Freezing Assets And Granting Other Relief, And An Order To Show Cause Why A Preliminary Injunction Should Not Issue and the Declaration of Paul A. Gumagay, this case involves highly suspicious and lucrative trading of IMS Health Incorporated ("IMS Health") out-of-the-money and at-the-money put options in advance of IMS Health's negative third quarter earnings announcement on October 17, 2007. On October 17, 2007, just hours before the market closed, Defendant, a Ukrainian national, purchased 300 Oct 25 out-of-the-money and 330 Oct 30 at-the-money IMS Health put options through an online trading account at Interactive Brokers using funds transferred from Central European International Bank Limited by wire on October 4, 2007. These purchases were made just prior to IMS Health's October 17, 2007, public announcement, after the close of the market, of worse-than-expected earnings.

5. On October 18, 2007, following the public announcement of earnings by IMS Health, Defendant Dorozhko sold all 630 of his IMS Health put options and realized proceeds of over $328,000 and profits of $286,456.59. The proceeds of these sales may become available for immediate transfer overseas if and when Interactive Brokers removes certain restrictions on Defendant Dorozhko's trading account.

6. On October 19, 2007, and on October 22, 2007, Defendant Dorozhko attempted to access funds held in his account at Interactive Brokers, consisting primarily of the proceeds from his IMS Health put option trades.

7. This case presents an emergency. Given that Defendant is a foreign national and the subject transactions emanated from a foreign country, there is a substantial basis for concluding that, absent an immediate order freezing the proceeds of Defendant's put options trades in IMS Health and preventing Defendant from removing the proceeds beyond the jurisdiction of this Court, there will be no method for the SEC to preserve the assets within the United States and there will be no assets remaining in this country to satisfy a potential final judgment against Defendant Dorozhko.

8. Given the exigency of this situation, the SEC has brought this action expeditiously and has not had an opportunity to conduct a complete investigation of this matter. Nevertheless, the circumstantial evidence that it has developed in just a few days strongly indicates that Defendant purchased IMS Health out-of-the-money and at-the-money put options while in possession of material nonpublic information concerning IMS Health's negative third quarter earnings announcement on October 17, 2007.

9. It is the SEC staff's past experience that persons who violate the federal securities laws by engaging in unlawful trading sometimes attempt to move assets beyond

the effective jurisdiction of the United States courts. Such movement of assets makes it much more difficult, if not impossible, for the SEC to secure appropriate relief in the public interest in subsequent enforcement proceedings.

10. The SEC provided notice to Defendant Dorozhko's counsel by voicemail on October 26, 2007, and to Defendant Dorozhko and his counsel by e-mail on October 27, 2007, in anticipation of filing this application for emergency relief. Given the foreign-based trading, the SEC is particularly concerned that Defendant will now make arrangements to transfer all of his assets, including the proceeds of his options trades in IMS Health, outside the jurisdiction of the United States.

11. The SEC is seeking to freeze Defendant's assets in an account maintained at Interactive Brokers in the name of Oleksandr Dorozhko. This account holds proceeds from Defendant Dorozhko's unlawful trading. Defendant and his counsel have been provided actual notice of this action. However, if the SEC proceeds by notice of motion rather than by order to show cause, Defendant may be able to transfer funds outside the jurisdiction of the United States before this Court can adjudicate this matter. Any delay in adjudicating the SEC's application would jeopardize those funds.*

12. No previous request has been made for the relief sought in the Application.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 10/29/07

Paul A. Gumagay

\* As supplemented by Attachment A.

5

## ATTACHMENT A

11(a). On October 26, 2007, Carl A. Tibbetts, an attorney with the SEC, placed a call to Chris Padurano, an associate with Charles Ross & Associates, who was identified by Interactive Brokers as representing Defendant Dorozhko on certain matters involving Defendant Dorozhko's account. Mr. Tibbetts left a voice message for Mr. Padurano informing him that the SEC intended to file an action against Defendant Dorozhko seeking, among other things, an asset freeze, temporary restraining order, and other relief. Mr. Tibbetts requested that his call be returned and provided his office telephone number, cellular telephone number, home phone number, and e-mail address.

11(b). Also on October 26, 2007, Mr. Tibbetts placed a call to 7-916-245-6491 in the Ukraine (the telephone number as reflected in Exhibit E to Declaration of Paul A. Gumagay) and left a voice message advising Mr. Dorozhko that the SEC intended to file an action with the Court seeking, among other things, an asset freeze, temporary restraining order, and other relief in this matter. The greeting on the voicemail identified Mr. Dorozhko by name. Mr. Tibbetts requested that his call be returned and provided his office telephone number, cellular telephone number, and e-mail address.

11(c). On October 27, 2007, Mr. Tibbetts sent an e-mail to Mr. Dorozhko (the e-mail address for Mr. Dorozhko was reflected in Exhibit E to Declaration of Paul A. Gumagay) and to Charles Ross, a partner at Charles Ross & Associates informing them, among other things, that the SEC intended to file a legal action against Mr. Dorozhko in the U.S. District Court for the Southern District of New York and seeking an asset freeze, temporary restraining order, preliminary injunction, and other relief. The e-mail is attached to this Declaration.

11(d). On October 29, 2007, Robert Blackburn, an attorney with the SEC, received a telephone call from Mr. Ross. Mr. Ross acknowledged that Mr. Dorozhko received the e-mail that Mr. Tibbetts sent to Mr. Dorozhko on October 27, 2007, as described in paragraph 11(c), above. Mr. Ross informed Mr. Blackburn that he, Mr. Ross, represented Mr. Dorozhko only for purposes of certain matters concerning his account at Interactive Brokers and had not yet been retained by Mr. Dorozhko to represent him in the case at bar.

10/29/07

Paul A. Gumagay

**Gumagay, Paul**
___

| | |
|---|---|
| From: | Tibbetts, Carl |
| Sent: | Saturday, October 27, 2007 2:23 PM |
| To: | 'odorozhko@yahoo.com'; Blackburn, Robert B.; Neal, Christine; Cain, Charles; Gumagay, Paul; 'cross@crossassoc.com' |
| Subject: | US Securities Exchange Commission vs Dorozhko |
| Importance: | High |

From: Tibbetts, Carl
Sent: Saturday, October 27, 2007 1:22 PM
To: odorozhko@yahoo.com'; Gumagay, Paul; Neal, Christine; Cain, Charles
Cc: Blackburn, Robert B.
Subject: US Securities Exchange Commission vs Oleksandr Dorozhko
Importance: High

The US Securities Exchange Commission intends to file a legal action against you in the US District Court for the Southern District of New York in New York on Monday or Tuesday, October 29 or 30. We will seek an asset freeze, temporary restraining order, preliminary injunction, and other relief. I would be happy to discuss this with you or your attorney if you have one. Please let me know if you have an attorney and how to get in touch with you and your attorney, if you have one. You may contact me at 202-551-4483, 202-330-3569, tibbettsc@sec.gov. You may also contact Paul Gumagay at 202-551-4443, or Robert Blackburn at 212-336-1050.
Carl A. Tibbetts
Ass. Chief Liitigation Counsel
U.S. SEC
TibbettsC@SEC.Gov
202-551-4483

Carl A. Tibbetts
Ass. Chief Liitigation Counsel
U.S. SEC
TibbettsC@SEC.Gov
202-551-4483

1