# EXHIBIT 3

**JUDGE BUCHWALD**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

        *Plaintiff,*

-v.-

OLEKSANDR DOROZHKO

        *Defendant,*



Case No. 07 CIV 9606

RECEIVED OCT 29 2007 U.S.D.C. S.D.N.Y.

### TEMPORARY RESTRAINING ORDER, AN ORDER FREEZING ASSETS AND GRANTING OTHER RELIEF, AND AN ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE

**WHEREAS,** Plaintiff Securities and Exchange Commission ("SEC") has filed a Complaint naming Oleksandr Dorozhko ("Defendant" or "Dorozhko") as defendant and seeks certain emergency and temporary relief, a preliminary injunction, and permanent injunctive and other equitable relief, and

**WHEREAS,** Plaintiff SEC has filed an emergency application seeking

(1)    An Order

- Temporarily freezing certain of Defendant's assets;

- Directing the Defendant to account for all funds involved in the transactions set forth in the Complaint, to repatriate said funds and to deposit with this Court a sum equal to the amount of alleged ill-gotten gains, plus an amount equal to three times this amount for possible civil penalties;

- Temporarily enjoining violations of certain provisions of the federal securities laws;

- Authorizing alternative means of service as provided in Rule 4(f) and (h), Fed. R. Civ. P.;

- Directing the gathering, retention and preservation of evidence;

- Directing expedited discovery in anticipation of a hearing on the SEC's requested preliminary injunction; and

(2)    A Show Cause Order setting an expedited briefing schedule and a date for hearing the SEC's application for a preliminary injunction and any of Defendant's responses thereto, and

**WHEREAS,** upon review of the Complaint, the declarations of Paul A. Gumagay, the memorandum of law filed in support of the SEC's application, and in accordance with Federal Rule of Civil Procedure 65(b), it appears to the Court that: (i) the Court possesses jurisdiction over the subject matter of this action and the Defendant; (ii) the SEC has made a sufficient and proper showing in support of the emergency relief granted herein, as required by Sections 21(d) and 21A of the Exchange Act [15 U.S.C. § 78u(d) and § 78u-1] by establishing a prima facie case and a substantial likelihood that the SEC will prevail on the merits; (iii) unless enjoined by order of this Court, the Defendant likely will continue to engage in acts, transactions, practices, and courses of business constituting violations of the federal securities laws similar to those charged in the Complaint; (iv) unless restrained and enjoined by Order of this Court, the Defendant likely will dissipate, conceal or transfer from this Court's jurisdiction assets, which may be subject to any relief awarded in this action; and (v) the public interest is best served by granting the SEC's application for this Order at this time.

I.

**IT IS HEREBY ORDERED**, until further order of this Court:

A.  That, pending this Court's determination of the SEC's application for a preliminary injunction, the Defendant shall hold and retain within his control, and otherwise prevent any disposition, transfer, pledge, encumbrance, assignment, dissipation, concealment, or other disposal whatsoever, by himself or any person or entity under his direct or indirect control, any funds or other assets presently held by them, under their control or over which they exercise actual or apparent investment or other authority, in whatever form such funds or other assets may presently exist and wherever located having an aggregate cash value of $1,145,826.36, (representing the total ill-gotten gains alleged in the Complaint plus three times this amount for possible civil penalties);

B.  That, pending this Court's determination of the SEC's application for a preliminary injunction, any bank, savings and loan, mutual fund, or other financial or brokerage institution or other person or entity that holds any funds, accounts or other assets in the name, for the benefit or under the control of Defendant, or for which Defendant, is or has been signatory or has had signing authority, including, but not limited to all funds or other assets held in account number U412281 at Interactive Brokers, LLC and/or Citibank, N.A., shall

  (1) Hold and retain (in interest bearing accounts) within its control and prohibit the withdrawal, removal, transfer or other disposal of any funds or other assets in such accounts having an aggregate cash value of $1,145,826.36, (representing the total ill-gotten gains alleged in the Complaint plus three times this amount for possible civil penalties); and

3

(2) **Within three business days** of receipt of notice of this Order, serve on counsel for the SEC a statement identifying each such account or other asset, and setting forth the balance in the account or for the assets as of the close of business on the date of receipt of this notice. Service of such statement on counsel for the SEC shall be by the most expeditious means possible, whether by hand delivery, e-mail delivery, or express courier service, upon the SEC, directed to the attention of Carl A. Tibbetts, Assistant Chief Litigation Counsel, U.S. Securities and Exchange Commission, 100 F Street, N.W., Washington, DC 20549-4030, facsimile number (202) 772-9233, TibbettsC@sec.gov, or such other place as counsel for the SEC may direct in writing.

C.  That Defendant shall cooperate and cause his agents, servants, employees, attorneys, successors-in-interest, and those persons in active concert or participation with him to cooperate with the SEC in identifying, locating, marshalling, and preserving the assets of the Defendant having an aggregate cash value of $1,145,826.36.

D.  That Defendant shall, within five business days of the date of this Order:

(1) Take such steps as are necessary to repatriate to the territory of the United States all funds and assets that previously have been transferred overseas from his accounts in the United States that are held by or for him or are under his direct or indirect control, jointly or singly, and to deposit such funds into the Registry of this Court;

(2) Provide the SEC and the Court with a written statement, under oath, accounting for all funds used to pay for every transaction alleged in the Complaint and for all proceeds from each such transaction; and

(3) Provide the SEC and the Court with a written statement, under oath, listing all names by which Defendant has been known, and all business and residential addresses,

phone numbers, internet service providers, phone services, banks, brokers, financial services and account names for each, that either Defendant has used or in which Defendant has any reason to believe either Defendant has had, may have or could, in the future, have any direct or indirect beneficial interest at any time since January 1, 2005.



E.   All payments to this Court ordered herein shall be remitted to the Clerk of this Court, accompanied by a cover letter identifying the Defendant in this action on whose behalf the payment is made, setting forth the title and civil action number of this action and the name of this Court, and specifying under which paragraph(s) herein each payment is made. The Defendant shall simultaneously transmit photocopies of such payment and letter to Carl A. Tibbetts, Assistant Chief Litigation Counsel, U.S. Securities and Exchange Commission, 100 F Street, N.W., Washington, DC 20549-4030, facsimile number (202) 772-9233, TibbettsC@sec.gov. Each such payment shall be hand delivered to the Clerk of the Court and shall be made by United States postal money order, certified check, bank cashier's check or bank money order payable to the Clerk of the Court. The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System ("CRIS"). These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held by the CRIS until further order of the Court. In accordance with the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States.

## II.

**IT IS FURTHER ORDERED** that, pending this Court's determination of the SEC's application for preliminary injunction, Defendant is temporarily enjoined and restrained from violating Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 [17 C.F.R.§ 240.10b-5], as alleged in the Complaint, directly or indirectly, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, to:

(i) employ any device, scheme, or artifice to defraud,

(ii) make any untrue statement of a material fact or omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or

(i) engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,

in connection with the purchase or sale of any security.

## III.

**IT IS FURTHER ORDERED** that, pending a final determination of the claims and relief sought in the Complaint, Defendant and all persons or entities acting at his direction or on his behalf are hereby enjoined to gather, preserve, and retain, and are enjoined and restrained from destroying, altering, concealing, or otherwise interfering with the SEC's access to, any and all documents, books, electronic files and databases, e-mails, evidences of electronic communications and other records in the possession, custody, or control of the Defendant, his agents, servants, employees, attorneys, successors-in-interest, and those

persons in active concert or participation with him, accountants, financial institutions, or brokerage firms, relating to the assets of the Defendant or to the allegations in the Complaint.

## IV.

**IT IS FURTHER ORDERED** that the SEC's application for expedited discovery is granted and that, commencing with the time and date of this Order, in lieu of the time periods, notice provisions, and other requirements of Rules 26, 30, 33, 34 and 36 of the Federal Rules of Civil Procedure, discovery shall proceed as follows:

A.    Pursuant to Rule 30 of the Federal Rules of Civil Procedure, the SEC may take depositions upon oral examination, upon two days of e-mailed, telefaxed, or express couriered notice of any such deposition. In addition, with respect to Defendant and any of his agents, servants, employees, attorneys, successors-in-interest, and those persons in active concert or participation with him, the SEC may depose such witnesses after sending a deposition notice to Defendant or his counsel, rather than by sending a subpoena to each such witness directly.

B.    Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant shall answer all interrogatories propounded by the SEC in writing and under oath within two days of e-mailed, telefaxed, or express couriered service of such interrogatories.

C.    Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant shall produce all documents requested by the SEC within two days of e-mailed, telefaxed, or express couriered service of such request.

D.    Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Defendant shall answer all of the SEC's requests for admissions within two days of e-mailed, telefaxed, or express couriered service of such requests.

E. All written responses to the SEC's requests for discovery under the Federal Rules of Civil Procedure shall be delivered by the most expeditious means possible, whether by hand delivery, e-mail delivery, or express courier service, upon the SEC, directed to the attention of Carl A. Tibbetts, Assistant Chief Litigation Counsel, U.S. Securities and Exchange Commission, 100 F Street, N.W., Washington, DC 20549-4030, facsimile number (202) 772-9233, TibbettsC@sec.gov.

V.

**IT IS FURTHER ORDERED** that Defendant show cause, if there be any, to this Court at __2:15__ o'clock _p.m._, on the __13th__ day of __November__, 2007 in Room __21A__ of the United States Courthouse, __500 Pearl Street__, New York, N.Y. 10007, why, pending a final determination of this case, this Court should not

A. Enter an Order preliminarily enjoining him from violating Section 10(b) of the Exchange Act and Rule 10b-5, as alleged in the Complaint and

B. Enter an Order continuing the relief ordered in paragraphs I., III., IV., VI., and VII. herein, and Defendant shall file with the Court and deliver to the SEC any opposing papers in response to this Order to Show Cause no later than __November 6__, 2007 at 5:00 p.m. Delivery shall be by the most expeditious means possible, whether by hand delivery, e-mail delivery, or express courier service, upon the SEC, directed to the attention of Carl A. Tibbetts, Assistant Chief Litigation Counsel, U.S. Securities and Exchange Commission, 100 F Street, N.W., Washington, DC 20549-4030, facsimile number (202) 772-9233, TibbettsC@sec.gov, or such other place as counsel for the SEC may direct in writing. The SEC shall have until __November 8__, 2007, at 5:00 p.m., to serve any reply papers upon the Defendant by the most expeditious means available.

*by email to defendant, by courier mail with expedited international service to defendant at his last known home address*

## VI.

**IT IS FURTHER ORDERED** that, ~~until Defendant appears in this case~~, service on the Defendant of all pleadings and other court papers, including the Summons, the Complaint, this Order and all documents filed in support of the SEC's application for a temporary restraining order and a preliminary injunction and all other documents to be served in this action, ~~may~~ *shall* be made by serving such documents ~~on the following agent of the Defendant:~~ *and by delivering a copy of all papers to Charles Ross, 111 Broadway, Suite 1401, New York, NY 10006 and to* Interactive Brokers LLC, 209 S. LaSalle St., 10th Floor, Chicago IL 60604. Plaintiff SEC shall forthwith serve the Defendant with the Summons, the Complaint, this Order and all documents filed in support of the SEC's application for a temporary restraining order and a preliminary injunction.

## VII.

**IT IS FURTHER ORDERED** that this Order is binding in all respects on the Defendant, his agents, servants, employees, attorneys, successors-in-interest, and those persons in active concert or participation with him who receive actual notice of this Order by personal service or otherwise, and each of them.

✓ *3:15 p.m.*
Time

✓ *October 29, 2007*
Date
New York, NY

_____
UNITED STATES DISTRICT JUDGE

9