# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

    *Plaintiff,*

-v.-

OLEKSANDR DOROZHKO

    *Defendant,*

Case No. 07 CIV 9606 (NRB)

---

**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S FIRST SET OF INTERROGATORIES TO DEFENDANT OLEKSANDR DOROZHKO**

Plaintiff Securities and Exchange Commission requests, pursuant to the <u>Temporary Restraining Order, An Order Freezing Assets And Granting Other Relief, And An Order To Show Cause Why A Preliminary Injunction Should Not Issue</u> dated October 29, 2007, and Rule 33 of the Federal Rules of Civil Procedure, that Defendant Oleksandr Dorozhko separately and specifically answer under oath the interrogatories set forth below or state under oath the reasons for his objection in lieu of an answer, within two (2) days from service of these Interrogatories.

### DEFINITIONS/INSTRUCTIONS

1.    The uniform definitions and rules of construction in discovery requests set forth in Local Civil Rules 26.2 and 26.3 of the Southern District of New York and Rule 34 (a) of the Federal Rules of Civil Procedure are incorporated by reference herein. Any claim of privilege over information otherwise responsive to any of the interrogatories contained herein must conform to Local Civil Rule 26.2.

2.    Wherever you are requested to, or do, identify or describe a document, state with

respect to each such document: (a) the name, business affiliation and last known address, electronic mail address and telephone number of the person or persons who prepared it and of the person or persons who signed it, or over whose name it was issued; (b) the name, business affiliation, business address and telephone number of each person to whom it was addressed; (c) the nature and substance of the document with sufficient and reasonable particularity to enable the document to be identified, including its name and the date the document was received, if any; (d) identify the portion of the document which bears upon the subject referred to in the interrogatory; (e) the name, business affiliation, business address, web site, electronic mail address and telephone number of each person who presently has possession, control or custody of the document; (f) the location of the document and each copy of it; and (g) whether you will voluntarily make the document or a copy of it available for inspection and copying without a court order.

3.  If any document which you would have identified in response to any Interrogatory was, but is no longer, in your possession, subject to your control or exists. In addition to "identify" or "identification" means to state also whether the document is:

(1) Missing or lost;

(2) Destroyed;

(3) Transferred to others; or

(4) Otherwise disposed of; and in any such instance set forth the surrounding circumstances and any authorization for such disposition and state the approximate date of any such disposition, and, if known, the present location and custodian of such document.

4.  The phrase "conversations and communications" is used herein to mean any

exchange of ideas, information, knowledge, thoughts, questions, answers, or data.

5. State with respect to each oral communication: (a) the date and place of the communication and whether it was in person, by electronic mail, or by telephone; (b) the name, last known business address, telephone number, business affiliation and capacity of each person who participated in, or was present at, any part of the communication; (c) the substance of the communication; (d) the identity of all individuals to whom you communicated the substance of the communication; (e) whether you presently intend to call any of the individuals referred to in your response as a witness at the trial of this matter; (f) identify any writing, memoranda or recording that recorded, summarized or confirmed the oral communication, together with the information requested with respect to each such document as set forth in paragraph 2; and (g) whether you will produce copies of the documents referred to your response without a court order.

6. The word "person" means the plural form as well as the singular of any natural person, firm, unincorporated association, partnership, joint venture, corporation or other form of legal entity or group, including any officers, directors, agents, affiliates, partners, trustees, representatives or employees of any such person or persons.

7. Wherever you are requested to, or do, identify an individual, state with respect to each such individual his or her last known business title, employer's name, business address, web site, electronic mail address and telephone number and his or her last known residential address, electronic mail address and telephone number.

8. Whenever you are requested to, or do, identify an entity other than a natural person, including but not limited to a corporation, association, partnership, joint venture or any other business entity, state its legal name, business form (corporation, partnership, etc.), date of

3

incorporation or formation, place of incorporation or formation, web site, electronic address and the address of its principal place of business.

9. The words "you" and "your" mean Defendant Oleksandr Dorozhko, his agents, representatives, employees, attorneys, or the agents, employees or representatives of those persons.

10. Wherever you are requested to, or do, identify or describe any "meeting," "occasion," "event," or a "communication," such terms shall mean any assembly of two or more persons, in the physical presence of each other or by telephone, including text-messaging via cellular phones, or by electronic mail or other online or internet-based means of communication, including but not limited to internet chats, instant messaging, and other means by which the instant case or the matters alleged in the complaint were referred to, mentioned, discussed, or otherwise considered.

## INTERROGATORIES

1. Identify all of your family members, as well as all business partners and associates from January 2005 to the present. For each individual, state:

    (a) the individual's full name and any aliases or nicknames ever used;

    (b) the individual's present or last known addresses;

    (c) the individual's telephone number and electronic mail addresses;

    (d) individual's present or last known employments;

    (e) individual's relationship with you.

2. Identify each individual whom you believe may have, or whom you have been informed may have, knowledge regarding the allegations in paragraphs 1-3, 7, 8, 11, 12, 14, 15, 16-18, 23, and 25 of the Complaint. For each such individual, state:

 (a) individual's present or last known addresses;

 (b) individual's telephone numbers and electronic mail addresses;

 (c) individual's present or last known employments;

 (d) individual's relationship with you; and

 (e) the specific allegations which you have been informed or believe that such individual has knowledge.

3. Identify each meeting, discussion or other occasion or communication, including meetings or discussions conducted by telephone, online, through internet chat rooms, electronic mail, or other online or internet means, attended, participated in, or available to you or any of your immediate family members, employees, agents, affiliates, or representatives, at which IMS Health, Incorporated, or transactions in any IMS Health, Incorporated securities, or the matters alleged in the Complaint were referred to, discussed, or otherwise considered.

4. Identify any agreement, arrangement, or understanding involving you and any other person or entity within the last two years that you have any reason to believe concerned the sharing or allocation of profits or losses from any securities transactions (whether or not such transactions involved the securities of IMS Health, Incorporated), or the providing for compensation in whole or in part based on such profits or losses.

5. Identify all (i) computers; (ii) computer equipment; and (iii) computer networks owned, leased, accessed or used by you or any immediate family member, employee, agent, affiliate, business partner, or representative for the past two years. For each computer, computer equipment, and computer network state:

 (a) all codes or numbers sufficient to identify the computer, computer equipment, or computer network, including but not limited to Media Access

      Control ("MAC") addresses, Internet Protocol ("IP") addresses, and serial numbers;

  (b)  dates, times, and geographic locations of your use of the computer, computer equipment, or computer network from September 1, 2007 to the present;

  (c)  the names, addresses, telephone numbers, and electronic mail addresses of any other individuals who had access to or used the computer, computer equipment, or computer network from September 1, 2007 to the present.

6.  Identify all of your geographic locations and whereabouts from September 1, 2007 through the present, including all travel itineraries and trips and the method, type, and specific company used to travel.

7.  Identify all electronic mail addresses, internet service provider accounts, land line or internet telephone accounts, cellular telephone accounts, paging services or text-messaging services owned, maintained, created, or used by you or any immediate family member, or provided by you to any employee, agent, affiliate, or representative. With respect to each state:

  (a)  provider or host of each address, account, or service;

  (b)  means of payment, if any, to maintain the address, account, or service;

  (c)  dates of creation for each address, account, or service.

8.  List all securities transactions, including stock and options transactions, in which you have any reason to believe you have had or may have had a direct or beneficial interest in the last two years. For each transaction, describe the means used to effect the transaction, including, but not limited to, bank accounts, brokerage accounts, online brokerage accounts or other brokerage/financial services. For each transaction, identify each person, entity, bank, brokerage firm, or agent used to effect the securities transaction.

9.  Identify every account at any bank, broker or other financial institution in which you have any reason to believe you or any member of your immediate family has had or may have had a direct or indirect beneficial interest at any time since November 1, 2005.

10. State whether you have any knowledge of, or have any reason to believe anyone you know has any knowledge of, computer hacking, computer hacking equipment or software, computer network or database intrusions, such as through the use of computer code to obtain access without permission. If so, state the basis and the substance of your knowledge or belief.10. To the extent not already answered in the above interrogatories, describe all communications known to you during the period of October 16, 2007-October 23, 2007 concerning IMS Health, any other company whose securities are traded in the U.S. markets, IB, securities transactions, profits or proceeds from any securities transactions, any of the allegations in the Complaint.

Dated: November 6, 2007

_____
Robert B. Blackburn (RB 1545)
Local Counsel
U.S. Securities and Exchange Commission
13th Floor – NERO
3 World Financial Center, Room 4300
New York, New York 10281-1022
(212) 336-1050
(212) 336-1317 (Fax)

_____
Carl A. Tibbetts (Trial Counsel)
Christopher R. Conte
Charles E. Cain
Christine E. Neal
Paul A. Gumagay (PG0805)
Suzanne E. Ashley
Attorneys for Plaintiff
U.S. Securities and Exchange Commission
100 F Street, N.E.
Washington, DC 20549-4030
(202) 551-4483 (Tibbetts)
(202) 551-4443 (Gumagay)
(202) 772-9233 (Fax)