# EXHIBIT H




PLAINTIFF'S
EXHIBIT
_____

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
100 F Street, N.E.
Washington, D.C. 20549-4030

Division of Enforcement, Trial Unit

**Carl A. Tibbetts**
Assistant Chief Litigation Counsel
Telephone: 202 551-4483
Facsimile: 202 772-9245
Electronic Mail: TibbettsC@SEC.GOV

Charles A. Ross, Esq.
Christopher L. Padurano, Esq.
Charles A. Ross & Associates, LLC
Trinity Centre, 111 Broadway, Suite 1401
New York, New York 10006
212.616.3034 (T) 212.616.3035 (F)

Subject: Temporary Restraining Order in <u>SEC v. Dorozhko</u>, 07 Civ 9606 (Buchwald)

Dear Sirs:

    As we informed you several times by telephone, electronic mail and overnight mail, your client, Oleksandr Dorozhko, is required by the Temporary Restraining Order signed and entered by Judge Buchwald on October 29, 2007 (TRO), to serve on counsel for the SEC within three (3) days of receipt of the Order, by November 5, 2007, a statement identifying each bank, savings and loan, mutual fund, or other financial or brokerage institution or person or entity that holds any funds, account or other assets in Mr. Dorozhko's name, for his benefit, under his control, or for which Mr. Dorozhko is or has been a signatory or has had signing authority (TRO at ¶ IB (2)).

    In addition, as we informed you several times by telephone, electronic mail and overnight mail, your client, Oleksandr Dorozhko, is required by the TRO within five (5) business days of the Orders' date, by November 5, 2007, to: (1) take such steps as are necessary to repatriate to the U.S. all funds and assets that had been transferred overseas from accounts in the U.S. that are held by or for Mr. Dorozhko or are under his direct or indirect control, jointly or singly, and to deposit the funds into the Registry of the Court; (2) provide the SEC and the Court with a written statement, under oath, accounting for all funds used to pay for every transaction alleged in the Complaint and for all proceeds from each transaction; and (3) provide the SEC and the Court with a written statement, under oath, listing all names by which the Defendant has been known and all residential addresses, phone numbers, internet service providers, phone services, banks, brokers, financial services and account names for each, that either the Defendant has used or in which he has any reason to believe either he has had, may have or could in the future have any direct or indirect beneficial interest at any time since January 1, 2005 (TRO at ¶ ID (1), (2), (3)).

    The SEC has not received any of the information or statements ordered by the Court and has no knowledge of any repatriation steps taken by Mr. Dorozhko or the

deposit of any funds as ordered by the Court. When we discussed these failures with Mr. Padurano yesterday, we understood that they would be remedied by the close of business yesterday. Beyond what appears to be a series of contempts, Dorozhko's refusal to provide the information and otherwise comply with the Order, impairs the SEC's ability to prepare for the November 13th Hearing.

    If your client does not fully comply with the Court's order by the close of business today, Wednesday, November 07, 2007, the SEC may have to seek relief from the Court before or during the November 13th Hearing, which may include a finding of contempt of the Court, an order precluding the introduction by the Defendant of evidence to support his defense, not to mention possible fines or incarceration.

Sincerely,

*Carl A. Tibbetts*

Carl A. Tibbetts
Assistant Chief Litigation Counsel
Robert B. Blackburn, Local Counsel (RB 1545)
United States Securities Exchange Commission