UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
                                                                         :
SECURITIES AND EXCHANGE COMMISSION,                                      :
                                                                         :
                                    *Plaintiff,*    :    No. 07 CV 9606
                                                                         :
                v.                                                      :    Judge Naomi R. Buchwald
                                                                         :
OLEKSANDR DOROZHKO,                                                      :
                                                                         :
                                    *Defendant.*  :
------------------------------------------------------------------------ x

## OLEKSANDR DOROZHKO'S MEMORANDUM OF LAW IN REPLY TO PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S POST-HEARING MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR A PRELIMINARY INJUNCTION AND OTHER EQUITABLE RELIEF AND OPPOSITION TO <u>OLEKSANDR DOROZHKO'S MOTION TO DISMISS</u>

CHARLES A. ROSS & ASSOCIATES, LLC
Charles A. Ross (CR-1331)
Christopher L. Padurano (CP-2587)
Trinity Centre
111 Broadway, Suite 1401
New York, New York 10006
(212) 616-3030

Attorneys for Defendant Oleksandr Dorozhko

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ... 1

ARGUMENT ... 3

    I.    HACKING IS NOT THE EQUIVALENT OF A "DEVICE, SCHEME, OR ARTIFICE TO DEFRAUD" UNDER § 10(B) AND RULE 10(B)-5 ... 3

    II.    DISMISSING THE COMMISSION'S COMPLAINT WOULD NOT RUN AFOUL OF CONGRESSIONAL INTENT AND WOULD NOT IMPLICATE PUBLIC POLICY ... 4

    III.    CONCLUSION ... 7

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Chiarella v. United States,*
    445 U.S. 222 (1980) ..... 3

*SEC v. Gonzalez de Castilla,*
    145 F.Supp.2d 402 (S.D.N.Y. 2001) ..... 2

*SEC v. Unifund SAL,*
    910 F.2d 1028 (2d Cir. 1990) ..... 2

*United States v. O'Hagan,*
    521 U.S. 642 (1997) ..... 3

## STATE CASES

*Briggs v. State,*
    704 A.2d 904 (Md. 1998) ..... 1-2

## FEDERAL STATUTES

**Exchange Act of 1934**
Section 10(b) [15 U.S.C. § 78j(b)] ..... 1
Rule 10b-5 [17 C.F.R. § 240.10b-5] ..... 1

## MISCELLANEOUS

Federal Bureau of Investigation, Financial Crimes Report to the Public,
    Fiscal Year 2006, http://www.fbi.gov/publications/financial/
    fcs_report2006/financial_crime_2006.htm ..... 7

Donald C. Langevoort, 18 Insider Trading Regulation, Enforcement,
    and Prevention § 6:14 (Apr. 2007) ..... 5

Robert A. Prentice, "The Internet and Its Challenges for the Future of
    Insider Trading Regulation," 12 Harvard Journal of Law &
    Technology 263 (1999) ..... 5

"Thomson Financial Ranked Among Top 100 Companies Named in the
    Information Week 500 Annual Listing," http://www.thomson.com/
    content/pr/tf/tf_gen_business/ 2007_09_18_Info_Week_Top_100 ..... 6

Defendant Oleksandr Dorozhko respectfully submits this memorandum of law in reply to the Securities and Exchange Commission's ("SEC" or "Commission") post hearing memorandum of law ("Post Hearing Memo") in support of its motion for a preliminary injunction and other equitable relief and opposition to Mr. Dorozhko's Motion to Dismiss the SEC's Complaint. For the reasons set forth herein, the Commission's Complaint should be dismissed or, in the alternative, the Commission's request for a preliminary injunction should be denied.

**PRELIMINARY STATEMENT**

In support of its position that "the hacking of nonpublic information equals deception in connection with the purchase or sale of securities," *see* Post Hearing Memo at p. 7, the SEC argues that (a) Mr. Dorozhko's alleged hacking into Thomson Financial's computer system and his purported theft of material nonpublic information constitutes a deceptive device, scheme or artifice to defraud under relevant securities laws; (b) the instant matter comports with established legal principles under relevant securities laws; and (c) Congressional intent and public policy support a finding that § 10(b) and Rule 10b-5 apply to Mr. Dorozhko's alleged conduct. *Id.* at pp. 8-21.

It is clear from the SEC's Post Hearing Memo that the SEC still completely fails to square the law with the allegations it advanced in this matter. Despite the concerted effort of the SEC, the securities laws upon which it relies simply do not allow for a determination that a hacking constitutes a "device, scheme, or artifice to defraud." Rather, in a futile attempt to force the facts into a law which simply does not apply, the Commission refers to various criminal law resources (*e.g.,* United States Department of Justice's Computer Crime: Criminal Justice Resource Manual and the Model Penal Code), *id.* at pp. 9-10, 12; criminal cases (*e.g., Briggs v.*

1

*State*, 704 A.2d 904, 907 at n.4 (Md. 1998)), *id.* at p. 9; contract law (Mr. Dorozhko is supposedly now a "constructive trustee" of the material nonpublic information he purportedly stole and accordingly, breached a duty of good faith and fair dealing), *id.* at p. 16-17; and two scholarly articles, *id.* at p. 16. However, the Commission has not shed new light on the issue.

The Commission is unlikely to succeed on the merits of its claim against Mr. Dorozhko. Thus, its request for a preliminary injunction must fail as it lacks the authority to freeze Mr. Dorozhko's assets. At the preliminary injunction hearing the Court stated:

> "It is actually very disturbing to me that you have not gotten the U.S. Attorney's Office here, because if you did there is enough here to file a complaint in my view, and that they have the authority to freeze these assets. I am not sure that I can give you what you want, and yet I know the U.S. Attorney's Office can absolutely nail this money down ... the U.S. Attorney's Office would have an interest in a case involving hacking into [Thomson Financial]." *See* Hr'g Tr. at 129-30.

While we do not believe a criminal complaint or an indictment is appropriate in these circumstances, the Commission has proceeded at its peril. The United States Attorney's Office, not the SEC, should be the appropriate agency to investigate Mr. Dorozhko's purported conduct. The Commission has not demonstrated that it is entitled to a preliminary injunction, and its application must fail.[1]

---

[1] To obtain the injunctive relief it seeks, "the SEC must make a 'clear showing' of both (1) the likelihood of success by establishing a prima facie case of a past violation of the securities laws, and (2) a 'reasonable likelihood' of future violations absent the injunction." *SEC v. Gonzalez de Castilla*, 145 F.Supp.2d 402, 414 (S.D.N.Y. 2001); *SEC v. Unifund SAL*, 910 F.2d 1028, 1037 (2d Cir. 1990); *see also* Hr'g Tr. at 134.

**ARGUMENT**

I. **HACKING IS NOT THE EQUIVALENT OF A "DEVICE, SCHEME, OR ARTIFICE TO DEFRAUD" UNDER SECTION 10(b) AND RULE 10(b)-5**

The Court stated that "we have to face up to the question of whether someone who gets their information by hacking into a computer which contains nonpublic material information without the knowledge or assistance of a corporate insider is committing a violation of Section 10(b)." *See* Hr'g Tr. at 119. The Court concluded by cautioning the SEC that it still needed to convince it "that there is *sufficient support in the case law to sustain the theory that the hacking of nonpublic material information equals deception* in connection with the sale of securities." *Id.* at 134 (emphasis added). Despite the Court's admonition, the Commission is patently unsuccessful it its ineffectual efforts to expand the scope of § 10(b) and Rule 10b-5 to cover Mr. Dorozhko's purported computer hacking.[2] We are left with the United State Supreme Court's holdings in *United States v. O'Hagan,* 521 U.S. 642 (1997), and *Chiarella v. United States,* 445 U.S. 222 (1980). Moreover, Justice Blackmun's dissent in *Chiarella* proves the point that in the absence of a duty, theft of material nonpublic information is not actionable under Rule 10b-5.

Unless Mr. Dorozhko owed a duty to the source of the information, the Commission cannot prevail. The Commission claims that Dorozhko owed a duty of "trust and confidence ... to the source of the information, not the fiduciary duty," *see* Hr'g Tr. at 114, and even attempts to impart a duty upon Mr. Dorozhko as a "constructive trustee." *See* Post Hearing Memo at pp. 16-17. However, such a flight of fancy to establish an actionable duty is unsupported by case law.

---

[2] Notably, the Commission has presented absolutely no evidence tying Oleksandr Dorozhko to the Dutch Internet Service Provider ("ISP") about which Timothy Mathias (Chief Information Security Officer for Thomson Financial) testified. *See* Hr'g. Tr. at 41-47.

3

Additionally, Rule 10b-5 does not proscribe silence in the absence of a duty to speak. Thus, in the absence of any duty to speak, Mr. Dorozhko was free to remain silent while he traded with information the Commission claims was material and nonpublic. Again, the Commission has not established that Mr. Dorozhko owed a duty to anyone, and therefore, even if Mr. Dorozhko somehow came into the possession of such information, he was free to remain silent.

Finally, neither the purported theft of information, nor the possession of stolen information, creates a duty to speak prior to trading based on that information. The Commission is not empowered to police the thefts of confidential information of the type alleged here, regardless of how attractive those allegations are.

In short, the Commission has, for all intents and purposes, acknowledged that the case law does not support the conclusion that hacking in the absence of a duty constitutes a violation of Rule 10b-5 and § 10(b). *See* Hr'g. Tr. at 114-15. It asks the Court to expand the securities laws to cover a situation for which Congress has not spoken. Such an expansion is unwarranted.

## II. DISMISSING THE COMMISSION'S COMPLAINT WOULD NOT RUN AFOUL OF CONGRESSIONAL INTENT AND WOULD NOT IMPLICATE PUBLIC POLICY

The Commission's hyperbolic claim that if the Court declines to find that hacking equals a "device, scheme, or artifice to defraud …U.S. markets and investors [will be] left defenseless" is absurd. *See* Post Hearing Memo at pp. 17-21. Congress has created and delegated principal securities enforcement responsibilities to the SEC. Here, however, the Commission's reliance on §10(b) and Rule 10b-5 as comporting with Congressional intent and public policy is misplaced.

First, the Commission's claim that Mr. Dorozhko and "subsequent similarly-situated defendants" will escape "liability for deceptive practices simply because those particular

4

deceptive practices involved a new technology" is inaccurate. *Id.* at p. 19. The SEC concedes that the United States Code provides a varied arsenal for the United States government to prosecute computer crimes.[3] The criminal law protects the public's interest and the securities markets. The prospect of extradition, prosecution, and possible imprisonment serves as a powerful deterrent. Additionally, the denial of the Commission's application for a preliminary injunction would certainly not lead to a deluge of "hackers" preying upon companies like Thomson Financial which are involved in the dissemination of material nonpublic information.

Second, the "new technology" or "relatively new phenomenon" to which the Commission refers is not really new at all. *Id.* at pp. 19, 10 (n. 5).[4] Indeed, the Commission cites a law review article from 1999 in which a scholar "endorsed the theory that a hacker who steals material nonpublic information for the purpose of trading on it, violates Exchange Act § 10(b) and Rule 10b-5." *Id.* at p. 16 (citing Robert A. Prentice, *The Internet and Its Challenges for the Future of Insider Trading Regulation,* 12 Harv. J.L. & Tech. 263, 298-307 (Winter 1999); Donald C. Langevoort, 18 *Insider Trading Regulation, Enforcement, and Prevention* § 6:14 (Apr. 2007)). However, although Professor Prentice states that "[h]ackers who steal inside information and trade on it are essentially thieves," he also rhetorically asks, "are [these hackers] also liable as inside traders." He states that "[t]he answer to this question from a traditional point of view is 'no.' … Under the traditional view, *they would have to be punished for their misdeeds via mail fraud, wire fraud, simple theft, or other comparable statutes.*" *Id.* (citing Prentice, *supra* at 296-97) (citations omitted) (emphasis added). Moreover, the Commission at oral

---

[3] *See* Post Hearing Memo at p. 10, n. 5.

[4] The Commission is disingenuous when it claims Mr. Dorozhko's alleged conduct is new or novel. Notably, the Court commented at oral argument that "thieves have been around a very long time" and it finds it "a little odd" that in the past seven decades there has not been a case which holds that "if you steal information for the purpose of trading on it that is a 10b-5 violation." The Commission even appeared to agree with the Court. *See* Hr'g Tr. at 127-28.

5

argument conceded that this is not an insider trading case. *See* Hr'g Tr. at 114-15. The alleged deceptive act, according to the SEC, was not only the actual hack, but trading while armed with the information obtained as a result of the hack. *Id.*

Finally, the Commission argues that applying § 10(b) and Rule 10b-5 to Mr. Dorozhko's purported conduct comports with public policy. It contends that "the private sector is basically without any defense in these situations ... They can't do anything about it. They can only go so far." *See* Hr'g Tr. at 127-28. However, such a view ignores the financial wherewithal of companies like Thomson Financial to lobby Congress to change or amend the securities laws to cover the conduct with which the Commission takes issue. Such companies[5] are part of multinational conglomerates that can readily hire a K Street firm to lobby Congress to change the securities laws. Thomson Financial and similarly situated companies can go very far – they can go all the way to the halls of Congress to amend the securities laws to account for Mr. Dorozhko's alleged conduct.

In short, despite the Commission's completely overstated view of what will happen to the United States' securities markets in the event the Court declines to equate a "hacking" with a "device, scheme, or artifice to defraud" under § 10(b) and Rule 10b-5, it has completely and utterly failed to provide the Court with the precedential authority it seeks. The United States government possesses mechanisms to address computer hacking. It has at its disposal law enforcement agencies that are more than familiar with investigating purported financial crimes.[6]

---

[5] Thomson Financial, **with 2006 revenues of US$2 billion**, is a provider of information and technology solutions to the **worldwide financial community.** Thomson Financial is part of The Thomson Corporation, a global leader in providing solutions to business and professional customers. *See* http://www.thomson.com/content/pr/tf/tf_gen_business/2007_09_18_Info_Week_Top_100 (last visited December 6, 2007) (emphasis added).

[6] Indeed, the Federal Bureau of Investigation ("FBI") states that it "investigates matters relating to fraud, theft, or embezzlement occurring within or against the national and international financial community" and that it has **"formed partnerships with numerous agencies** to capitalize on their expertise in specific areas such as Securities ... The FBI has placed greater emphasis on investigating allegations of these frauds by **working closely with the**

The Commission's wild claim that numerous investors will "decline to participate in the markets, for they would know that they were playing a game in which the dice might, at any time, be loaded," is indicative of how desperate it is in the face of no legal support for its position. *See* Post Hearing Memo at p. 21 (citations omitted). Such "scare tactics" have no place in a court of law.

### III.    CONCLUSION

For the foregoing reasons and the reasons set forth in our previous submissions, the Complaint should be dismissed with prejudice, and the Temporary Restraining Order, An Order Freezing Assets and Granting Other Relief, should be vacated.

Dated: New York, New York
       December 11, 2007

                                        Respectfully submitted,

                                        CHARLES A. ROSS & ASSOCIATES, LLC

                                By:     _____
                                        Charles A. Ross (CR-1331)
                                        Christopher L. Padurano (CP-2587)
                                        Trinity Centre
                                        111 Broadway, Suite 1401
                                        New York, New York 10006
                                        (212) 616-3030

                                        Attorneys for Defendant Oleksandr Dorozhko

---

SEC..." *See* Federal Bureau of Investigation, Financial Crimes Report to the Public, Fiscal Year 2006, available at http://www.fbi.gov/publications/financial/fcs_report2006/financial_crime_2006.htm (emphasis added) (last visited December 6, 2007).

7

TO:   Carl A. Tibbetts
      Assistant Chief Litigation Counsel
      U.S. Securities and Exchange Commission
      100 F Street, N.W.
      Washington, D.C. 20549-4030

      Paul A. Gumagay
      Division of Enforcement
      U.S. Securities and Exchange Commission
      100 F Street, N.E.
      Washington, DC 20549-4631

      Robert B. Blackburn
      Local Counsel
      U.S. Securities and Exchange Commission
      3 World Financial Center, Room 4300
      New York, New York 10281-1022

## **CERTIFICATE OF SERVICE**

I certify that on December 11, 2007, I caused a copy of Oleksandr Dorozhko's memorandum of law in reply to the Securities and Exchange Commission's post hearing memorandum of law in support of its motion for a preliminary injunction and other equitable relief and opposition to Mr. Dorozhko's Motion to Dismiss the SEC's Compliant, to be served via the Electronic Court Filing system and by electronic mail on:

Carl A. Tibbetts
Assistant Chief Litigation Counsel
U.S. Securities and Exchange Commission
100 F Street, N.W.
Washington, D.C. 20549-4030

Paul A. Gumagay
Division of Enforcement
U.S. Securities and Exchange Commission
100 F Street, N.E.
Washington, DC 20549-4631

Robert B. Blackburn
Local Counsel
U.S. Securities and Exchange Commission
3 World Financial Center, Room 4300
New York, New York 10281-1022

_____
Christopher L. Padurano

9